Slip Op. 20–172

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WILMAR TRADING PTE LTD., PT WILMAR BIOENERGI INDONESIA, and WILMAR OLEO NORTH AMERICA LLC, | : : : : |
| Plaintiffs, | : : |
| and | : : |
| GOVERNMENT OF THE REPUBLIC OF INDONESIA and P.T. MUSIM MAS, | : : : Before: Richard K. Eaton, Judge : : Consol. Court No. 18-00006 |
| Consolidated Plaintiffs, | : : |
| v. | : : |
| UNITED STATES, | : : |
| Defendant, | : : |
| and | : : |
| NATIONAL BIODIESEL BOARD FAIR TRADE COALITION, | : : : |
| Defendant-Intervenor. | : : |

## **JUDGMENT**

Before the court is the United States Department of Commerce's ("Commerce" or the "Department") remand redetermination ("Remand Results"), ECF No. 77, issued pursuant to the court's order in *Wilmar Trading PTE Ltd. v. United States*, 44 CIT __, Slip Op. 20-115 (Aug. 11, 2020).

In *Wilmar*, the court directed Commerce to recalculate its subsidy determination of goods provided for less than adequate remuneration for one of the Indonesian tax programs under

investigation:

> Commerce shall make a new subsidy determination as to the 1994 Export Tariff that is supported by substantial evidence and in accordance with law; or, in the alternative, recalculate its ad valorem subsidy rate for goods provided for less than adequate remuneration, excluding any claimed effects of the 1994 Export Tariff.

*Wilmar*, 44 CIT at __, Slip. Op. 20-115 at 40.

In response, Commerce issued the Remand Results, stating that

> it did not undertake any separate or additional subsidy rate calculations pursuant to the 1994 export tariff for either Musim Mas or Wilmar. Upon remand, Commerce now also determines that the entire benefit from the provision of cheap [cheap crude palm oil] is attributable to the 2015 export levy. Therefore, Commerce finds that no adjustment to the *ad valorem* rate is necessary in order to comply with the Court's order.

Remand Results at 3. In other words, the Department found that it did not need to make an adjustment to the *ad valorem* rate to comply with the court's order in *Wilmar*, because its subsidy calculation for goods provided for less than adequate remuneration was based solely on the 2015 export levy.

The court finds that Commerce has complied with its instruction in *Wilmar* because the Department determined that its *ad valorem* rate for crude palm oil provided for less than adequate remuneration excluded any claimed effects of the 1994 export tariff.

No party contests the Remand Results. *See* Def.'s Request to Sustain Remand Results, ECF No. 80.

There being no further dispute in this matter, it is hereby

**ORDERED** that the Remand Results are sustained.

                                                                             /s/ Richard K. Eaton
                                                                              Richard K. Eaton, Judge

Dated:       December 1, 2020
                 New York, New York